UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA CHAPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:20CV308-PPS |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Linda Chapman has appealed from an administrative law judge's denial of her applications for Social Security disability insurance benefits and supplemental security income. She claims that the ALJ committed three errors which require a reversal of his decision, but I will limit my discussion to one: whether the ALJ erred in the RFC determination, specifically regarding Chapman's ability to stand, walk, and sit. Because I find that the ALJ failed to support the RFC determination with substantial evidence, I will REVERSE the ALJ's decision and REMAND on this issue.

### Background

In the written decision denying her application, the ALJ determined that Chapman has the severe impairments of degenerative disc disease of the cervical spine, diabetes mellitus, neuropathy, bilateral carpal tunnel syndrome, hypertension, arthritis, obstructive sleep apnea, migraine headaches, osteoarthritis of the left shoulder, major depressive disorder/adjustment disorder with depression, and anxiety. [A.R. 24.] The

ALJ also found that Chapman has the non-severe impairments of venous insufficiency/varicose veins, wound on the right lower extremity, and fibromyalgia. [A.R. 24-25.] The ALJ then determined that Chapman did not meet any of the applicable social security listings. [A.R. 25-26.]

At the next step, the ALJ determined Chapman's residual functional capacity (RFC). The ALJ included many restrictions in the RFC but of note he found Chapman can stand and/or walk up to 4 hours in an 8-hour workday and that she can sit for up to 4 hours in an 8-hour workday, with normal breaks. Relatedly, he further found that Chapman needs to sit for 30 minutes, stand for 30 minutes, and continue alternating throughout the day. Chapman needs to elevate her legs above her heart periodically throughout the day but the ALJ determined that she can do that before work, during normal breaks and after work. [A.R. 27-28.] I won't repeat the ALJ's description of the medical evidence which is fully set out in his opinion. [*See* A.R. 28-32.]

At the hearing the ALJ posed the RFC and some additional hypothetical questions to a vocational expert (VE) who testified whether such a hypothetical person with Chapman's RFC could likely find gainful employment. The ALJ determined that Chapman is unable to perform any past relevant work. [A.R. 32.] But the ALJ also found that there were a number of jobs that exist in significant numbers in the national economy that she could perform. [A.R. 33.] As a result, the ALJ found that Chapman was not disabled within the meaning of the Social Security Act and its regulations.

**Discussion**

In a Social Security disability appeal, my role as district court judge is limited. I do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g).

The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). My review is guided by the principle that "[t]he ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex*

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

Chapman argues that the ALJ erred in failing to support the RFC with substantial evidence. [DE 18 at 17]. Chapman makes several arguments regarding her RFC, but I will focus on her claim that the ALJ failed to explain how he determined how long she could sit and stand in a workday, as well as how he determined her sit/stand option. [DE 18 at 17-18]. Social Security Ruling 96-8p prescribes an ALJ's duties in assessing a residual functional capacity:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).... The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.

SSR 96-8p, 1996 SSR LEXIS 5 at *20 (July 2, 1996). An omission of this discussion is enough to warrant reversal of the ALJ's decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

The ALJ found that Chapman has the residual functional capacity to stand and/or walk up to four hours in an eight-hour workday and sit for up to four hours in an eight-hour workday, with normal breaks. [A.R. 27.] The ALJ also found that she needs to sit for thirty minutes, stand for thirty minutes, and continue alternating throughout the workday. [A.R. 28.] The ALJ also found that Chapman's need to elevate her legs above her heart could be accomplished before work, during normal breaks, and

-4-

after work. [A.R. 28.] Chapman asserts that the ALJ failed to support these findings with any evidence in the record.

None of Chapman's treating physicians opined as to how long she can stand, walk, or sit during an eight-hour workday. The state agency medical consultants opined that Chapman can perform light work, meaning she can stand and/or walk for a total of six hours in an eight hour work day, and she can sit for six hours in an eight hour workday. [A.R. 93, 108.] The ALJ found the state agency medical opinions that she could perform light work was not supported by the evidence. [A.R. 32.] The ALJ reasoned that the state agency consultants "did not have the benefit of personally examining the claimant or hearing her testimony" and also "did not have the benefit of reviewing the entire record." [A.R. 32.] As a result, the ALJ found that her history of diabetes, neuropathy, and pain throughout her body required "additional limitations, including reduced periods of sitting and standing as well as elevating her feet." [A.R. 32.]

In dismissing the state agency opinions regarding Chapman's ability to perform light work, the ALJ did not provide any explanation for how he came up with the four hours of sitting and standing/walking in the RFC. No doctor provided such an opinion, and the ALJ does not provide any analysis for how he determined these numbers. The ALJ did not explain the basis for these limitations, and I cannot trace the path of his reasoning. *See Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir. 2011) (remanding where the ALJ failed to explain how she reached her conclusions about the claimant's physical

capabilities); *Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (finding that the ALJ failed to explain how he arrived at the exertional limitations in the RFC where no record evidence supported the RFC).

Chapman testified that she could only sit for 15 to 20 minutes at a time, and that she could only stand and walk for about 20 minutes at one time. [A.R. 69.] She also opined that if she sat, stood, or walked for too long, she had to elevate her feet. [A.R. 69.] She testified that she spent on average about five hours a day, spread throughout the day, lying down with her legs elevated above her heart. [A.R. 69-71.] She stated that her doctor specifically told her to keep her legs elevated above her head if she is lying down to minimize swelling. [A.R. 70-71.] The ALJ has not provided any explanation for how this testimony is consistent with his findings in the RFC.

Without further discussion from the ALJ, it is illogical to assume that Chapman could manage her symptoms by elevating her legs above her head before and after work and during normal breaks. She testified that she needs to elevate her legs after standing, walking, or sitting for too long [A.R. 69-71.] If she is standing, walking, and sitting at work for an eight-hour workday, her testimony indicates that she would need to elevate her legs more often both during the workday and afterwards, rather than prior to her workday. In sum, without any discussion from the ALJ, I cannot trace his reasoning. As a result, the ALJ has failed to build a logical bridge from the evidence to his conclusion, an error which requires remand. *Jones*, 623 F.3d at 1160.

Similarly, the ALJ failed to explain how he determined that Chapman's impairments would be addressed by allowing her to alternate between sitting and standing every thirty minutes. As noted, Chapman testified at the hearing that she could only sit for 15 to 20 minutes at a time, and that she could only stand and walk for about 20 minutes at one time. [A.R. 69.] Yet the ALJ provided no consideration of Chapman's testimony or any of the medical evidence in finding that Chapman's limitations are accommodated by an RFC allowing Chapman to change positions every 30 minutes. While the ALJ acknowledges Chapman's cervical impairments and neuropathy, neither the ALJ's decision nor the Commissioner's brief addresses any evidence in relation to the thirty-minute sit/stand option included in Chapman's RFC.

This is especially problematic when no physician opined as to how long Chapman can sit or stand before needing to alter her position. While the RFC determination need not be based on any specific medical opinion, the ALJ must specify the evidence in the record that supports his RFC determination. *See Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 352 (7th Cir. 2005) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts." (citation and internal quotation marks omitted)).

This case must be remanded, as the thirty-minute sit/stand option is not supported by substantial evidence. *See Diaz v. Berryhill*, 2:17-cv-314, 2018 U.S. Dist. LEXIS 165834, at *22-23 (N.D. Ind. Sept. 27, 2018) (remanding where the ALJ failed to

explain "what she relied on or how she arrived at the calculation for the sit-stand option") (citing *Williams v. Berryhill*, No. 16 C 3807, 2017 U.S. Dist. LEXIS 114734, at *24 (N.D. Ill. July 24, 2017) ("Specifically, there is no narrative discussion of what medical evidence led the ALJ to conclude that a break from sitting would be necessary after 30 minutes (as opposed to earlier or later)[.]"). This is not to say that a different RFC finding is required on remand, only that the ALJ failed to explain how the evidence supports the RFC.

Chapman requests that this decision be reversed and that she be awarded benefits. However, an outright reversal of the ALJ's decision is not appropriate, because an award of benefits "is appropriate only if all factual issues have been resolved," *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005), and where "the record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2s 741, 744 (7th Cir. 1993). However, the factual issues have not been resolved here. A full explanation of the RFC determination supported by medical evidence may fill in the evidentiary gap created by the ALJ's error. Therefore, the case is remanded for further analysis and to resolve the factual issues.

Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Chapman. She can raise those issues directly with the ALJ on remand.

**ACCORDINGLY:**

The decision of the ALJ denying Linda Chapman's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED on September 24, 2021.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT